Filed 11/10/25  P. v. Garibo CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>NARANJO ALVARO GARIBO,<br><br>　　　Defendant and Appellant. | B339283<br><br>(Los Angeles County<br>Super. Ct. No.  PA100630-01) |

　　　APPEAL from an order of the Superior Court of Los Angeles County, David W. Stuart, Judge.  Affirmed.

　　　Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　No appearance for Plaintiff and Respondent.

————————

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Finding no error, we affirm.

On May 7, 2024, the People filed an amended felony complaint alleging 8 counts of sexual offenses against several minor females. That same day, appellant entered pleas of no contest to count 4, a violation of Penal Code[1] section 288.5, subdivision (a) (continuing child abuse); count 5, a violation of section 288, subdivision (a) (lewd and lascivious act again a child under the age of 14); count 6, a violation of section 288, subdivision (a); count 7, a violation of section 288, subdivision (a); and count 8, a violation of section 288, subdivision (b) (forcible lewd and lascivious act against child under the age of 14). Appellant entered his no contest pleas pursuant to a plea agreement by which he would be sentenced to 28 years in state prison and the People would dismiss counts 1 through 3. Both parties waived any sentencing irregularities as part of their effort to arrive at a negotiated disposition of the charges.

On May 28, 2024, the trial court sentenced appellant to state prison for 28 years to life. He was sentenced to the middle term of 12 years on count 4 and the middle term of six years on count 8 pursuant to section 667.6. He was sentenced pursuant to section 1170.12 to the middle term of six years on count 5, and one-third the middle terms of two years on counts 6 and 7, all terms to run consecutively. All fines, fees and assessments were waived, presentence credit of 324 actual days and 48 days conduct credit were awarded, and counts 1, 2, and 3 were dismissed.

On July 8, 2024, appellant filed a timely notice of appeal and requested a certificate of probable cause based on a claim of

---

[1] Undesignated statutory references are to the Penal Code.

2

ineffective assistance of trial counsel.  The trial court denied his request for a certificate of probable cause.

We appointed counsel for appellant.  On July 31, 2025, counsel filed an opening brief pursuant to *People v. Wende*, asking this court to independently review the record for error.  That same day we notified appellant that a no-issue brief had been filed on his behalf by counsel.  We advised appellant of his right to file a supplemental brief on issues he wants the court to consider.  Appellant has not filed a supplemental brief of his own.

We have examined the record and are satisfied counsel on appeal fully complied with his responsibilities and no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

STRATTON, P. J.

We concur:

WILEY, J.                    VIRAMONTES, J.

3